UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JACOB A. FAWFAW,

              Plaintiff,              Case No. 1:19-cv-594

v.                                        Honorable Paul L. Maloney

UNKNOWN TIGHE et al.,

              Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Grievance Coordinator Unknown Party #1 and the claim against Defendant Corrections Officer Unknown Tighe for deprivation of property without due process.

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corrections Officers Unknown Tighe, Unknown Pieczynsky, and Unknown Bissel; Grievance Coordinator Unknown Party #1; and Registered Nurse Unknown Party #2.

Plaintiff alleges that on the afternoon of June 25, 2019, he was about to start his sanction break[1] in the morning yard of ECF when two corrections officers ordered Plaintiff to "cuff up" to return to segregation. (Compl., ECF No. 1, PageID.2-3.) Plaintiff refused and requested a sergeant or shift commanding officer for an explanation. (*Id.*, PageID.3.) In response to Plaintiff's failure to comply with the direct order, Defendants Tighe and Pieczynsky "pulled a Tazer [sic] on the Plaintiff and threatened to use deadly force." (*Id.*)

Defendants Tighe and Pieczynsky escorted Plaintiff to segregation with hands cuffed behind his back and raised such that Plaintiff suffered pain to his shoulder and neck. (*Id.*, PageID.2.) When Plaintiff informed Defendants Tighe and Pieczynsky of the pain and his pre-existing neck injury, Defendant Tighe pulled Plaintiff's arms up further behind his back and directed Plaintiff to "Shut the fuck up, and stop being a bitch." (*Id.*) Defendant Tighe subsequently destroyed Plaintiff's headphones by ripping the earbuds from the cords. (*Id.*)

When Plaintiff and Defendants Tighe and Pieczynsky entered the segregation unit, Plaintiff again informed that they were causing pain to his neck. (*Id.*) In response, Defendant Tighe "grabbed the Plaintiff by his throat and squeezed his windpipe . . . choking [him]." (*Id.*) In

---

[1] According to Plaintiff, a "sanction break" is a one-hour recreational break given to prisoners each day for seven days after spending 30 consecutive days in segregation or with loss of privileges.

a similar fashion, Defendant Pieczynsky then "shoved his knuckles into the Plaintiff[']s ear, neck, and throat" such that both Defendants Tighe and Pieczynsky were applying force to "Plaintiff[']s throat and choking" him. (*Id.*) Soon thereafter, Defendants Tighe and Pieczynsky shoved Plaintiff's head and face against the segregation unit's inside door, and Defendant Pieczynsky "punched the plaintiff in his side one time" before placing Plaintiff in a cell. (*Id.*)

Plaintiff alleges he is mentally ill and receives treatment for mood disorders and depression. (*Id.*, PageID.3.) Plaintiff alleges that while in the cell he experienced pain and symptoms of depression following the incidents with Defendants Tighe and Pieczynsky. (*Id.*) To address these symptoms, Plaintiff informed Defendant Bissel that he was having suicidal thoughts and needed a nurse. (*Id.*) Defendant Bissel responded that he did not care and that he was going home. (*Id.*) Approximately 15 minutes later, Plaintiff attempted suicide by cutting open his arm. (*Id.*) A shift commander was alerted, but Plaintiff's complaint does not otherwise describe the immediate response.

Two days later, on June 27, 2019, Plaintiff sent a medical kite to Defendant Registered Nurse Unknown Party #2, which was never answered, seeking treatment for the neck and throat pains caused by Defendants Tighe and Pieczynsky. (*Id.*) Plaintiff alleges that staff continue to retaliate against him, including by failing to respond to his medical kites or to respond to his grievances. (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff asserts Eighth Amendment claims against all defendants under theories of excessive force, failure to protect, and deprivation of medical care. Plaintiff's statement

4

of the facts additionally implies a claim against Defendant Tighe under the Fourteenth Amendment for deprivation of property without due process of law.

### A. Grievance Coordinator Unknown Party #1

Plaintiff fails to make specific factual allegations against Defendant Grievance Coordinator Unknown Party #1, other than his claim that they failed to conduct an investigation in response to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Unknown Party #1 engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against Unknown Party #1.

### B. Fourteenth Amendment Claim for Deprivation of Property with Due Process

Likewise, Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee

5

has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MDOC Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's due process claim will be dismissed.

6

### C. Eighth Amendment Claims

Plaintiff's remaining claims against Defendants Tighe, Pieczynsky, Bissel, and Unknown Person #2 arise under the Eighth Amendment.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments" upon prisoners. U.S. Const. amend. VIII. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

#### 1. Claims Involving Excessive Force

Plaintiff alleges that Defendants Tighe and Pieczynsky used excessive force by inflicting pain when restraining him as well as by choking him, shoving him against a door, and punching him.

On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x. 579, 582 (6th Cir. 2011). But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

There is an objective component and a subjective component to an Eighth Amendment claim of excessive force. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing

7

*Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8, (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendants Tighe and Pieczynsky for the use of excessive force.

### 2. Claims Involving Failure to Protect and Deprivation of Medical Care

Plaintiff further alleges Defendants Bissel and Unknown Person #2 deprived him of medical care.

The Eighth Amendment limits the power of the states to punish those convicted of crimes by depriving them of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). "Not every

unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

In order for a prisoner to prevail on an Eighth Amendment deprivation claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff alleges he informed Defendant Bissel that he had suicidal thoughts and requested medical assistance, but Defendant Bissel did not seek any medical assistance in response. Likewise, Plaintiff alleges Defendant Unknown Party #2 did not answer his medical kite complaining of pain in his neck and throat. Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendants Bissel and Unknown Party #2 for depriving Plaintiff of medical care.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Grievance Coordinator Unknown Party #1 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the Fourteenth Amendment deprivation of property without due process claim against Defendant Tighe. Plaintiff's Eighth Amendment

9

claims against Defendants Corrections Officers Tighe, Pieczynsky, Bissel, and Registered Nurse Unknown Party #2 remain in the case.

An order consistent with this opinion will be entered.

Dated:   October 30, 2019               /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge